**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| Gordon Tallman and William Greif, <br><br> Plaintiffs, <br> v. <br><br> Mann Bracken, L.L.P.; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 4:09-cv-4016 <br><br><br> **COMPLAINT** <br> JURY |

For this Complaint, the Plaintiffs, Gordon Tallman and William Greif, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Gordon Tallman (hereinafter "Gordon" or the "Stepson"), is an adult individual residing in Austin, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff, William Greif (hereinafter "William" or the "Stepfather" and together with Stepson, the "Plaintiffs"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Mann Bracken, L.L.P. ("Mann Bracken"), is a Maryland business entity with an address of 702 King Farm Boulevard, Rockville, Maryland 20850, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Mann Bracken and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Mann Bracken, L.L.P. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

9. William, the Stepfather, incurred a personal financial obligation (the "Debt")

10. The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Mann Bracken for collection, or Mann Bracken was employed by the creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Mann Bracken Engages in Harassment and Abusive Tactics

13. The Defendants attempted to collect the Debt from Gordon, the Stepson, even though the Debt was incurred by his stepfather.

14. The Defendants called and left messages for the Stepson in attempts to collect the Debt.

15. The Defendants called the Stepson numerous times per week.

16. The Defendants alternatively attempted to collect from the Stepson or accused him of being his stepfather.

17. At all times, the Stepson confirmed he was not in fact the Stepfather.

18. Regardless, the Defendants continued to try and collect from the Stepson.

19. The Defendants were rude and abusive on the phone to the Stepson.

20. The Defendants threatened to bring a lawsuit against the Stepson and the Stepfather.

21. The Defendants discussed the Stepfather's Debt with the Stepson.

22. The Defendants did not send to the Stepson a validation notice, or any other written communication, notifying him of his rights to dispute the debt or request verification of the Debt be obtained and sent to him.

23. The Defendants did not send to the Stepfather a validation notice, or any other written communication, notifying him of his rights to dispute the debt or request verification of the Debt be obtained and sent to him.

### C. Plaintiff Suffered Actual Damages

24. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

25. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### (as to Plaintiff Gordon Tallman, the Stepson)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the Stepson.

29. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Stepson in telephone conversations, with the intent to annoy and harass.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants threatened to take legal action, without actually intending to do so.

31. The Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Stepson a validation notice stating the amount of the debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Stepson a validation notice stating the name of the original creditor to whom the debt was owed.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Stepson a validation notice stating the Stepson's right to dispute the debt within thirty days.

35. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Stepson a validation notice informing the Stepson of a right to have verification and judgment mailed to the Stepson.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Stepson a validation notice containing the name and address of the original creditor.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### (as to Plaintiff William Greif, the Stepfather)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that the Defendants informed third parties of the nature of Stepfather's debt and stated that Stepfather owed a debt.

42. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that the Defendants contacted third parties in regards to the Stepfather's debt on numerous occasions, without being asked to do so.

43. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants communicated with individuals other than the Stepfather, the Stepfather's attorney, or a credit bureau.

44. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants threatened to take legal action, without actually intending to do so.

45. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Stepfather a validation notice stating the amount of the debt.

46. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Stepfather a validation notice stating the name of the original creditor to whom the debt was owed.

47. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Stepfather a validation notice stating the Stepfather's right to dispute the debt within thirty days.

48. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Stepfather a validation notice informing the Stepfather of a right to have verification and judgment mailed to the Stepfather.

49. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Stepfather a validation notice containing the name and address of the original creditor.

50. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

51. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

52. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al. (as to Plaintiff Gordon Tallman, the Stepson)

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

55. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

56. The Defendants used abusive and profane language when speaking with the Stepson, in violation of Tex. Fin. Code Ann. § 392.302(1).

57. The Defendants threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

58. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Stepson, in violation of Tex. Fin. Code Ann. § 392.302(4).

59. The Defendants attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

7

60.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT IV

### INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS
### (as to Plaintiff Gordon Tallman, the Stepson)

61.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

63.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

64.     To establish a claim for invasion of privacy by intrusion into private affairs, the plaintiff must show:  (1) the defendant intentionally intruded of the plaintiff's solitude, seclusion, or private affairs; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion.  *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

65.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Stepson with phone calls and threats of legal action.

66.     The telephone calls made by the Defendants to Stepson were so persistent and were repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Texas law requirements for an invasion of privacy.

67. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

68. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

69. All acts of Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (as to both Plaintiffs, the Stepson and the Stepfather)

1. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

2. To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

3. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiffs were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

4.    The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

5.    All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;
8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 16, 2009

Respectfully submitted,

By: __/s/ Diana P. Larson_____
Diana P. Larson, *Attorney-in-Charge*
Texas Bar No. 24007799
Southern District Bar No. 24957
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone:  (713) 221-9088
Facsimile:  (832) 415-9762
Email:  diana@thelarsonlawoffice.com

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666

ATTORNEYS FOR PLAINTIFFS